FEDERAL DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

```
----------------------------------------------------------X
Mingsen Zhang                              :       DOCKET NO.:
                                           :
               Plaintiff,                  :       COMPLAINT FOR PATENT
                                           :       INFRINGEMENT
        -against-                          :
                                           :
The Home Depot, Inc., Yonghe Zheng and     :
John Doe                                   :       JURY TRIAL DEMANDED
                                           :
               Defendants                  :
----------------------------------------------------------X
```

Plaintiff, Mingsen Zhang, (the "Plaintiff") by and through its undersigned counsel, pleads the following against Defendants, the Home Depot, Inc., Yonghe Zheng and John Doe (hereinafter "Home Depot," "Zheng." "Doe," respectively and "Defendants" collectively), and alleges as follows:

## I.  THE PARTIES

1.      Plaintiff is the sole inventor and owner of record of United States Patent No. 11,060,269B2 ("the '269 Patent" Exhibit 1), entitled "Bracket for Installing Sink" issued on July 13, 2021 from U.S. Patent Application No. 16/525,597, filed on July 30, 2019. claiming the priority to Chinese Patent No. CN201821632646.1 filed on October 9, 2018. Plaintiff is a resident of the People's Republic of China.

2.      Home Depot is a Delaware corporation with twenty physical locations in the State of Connecticut, including those at 600 Connecticut Ave, Norwalk, CT 06854 and 1925 W Main St, Stamford, CT 06902. Home Depot has sold and is selling brackets for installing sinks which infringe the '269 Patent (Exhibit 2).

3.      Home Depot's brackets for installing sinks are sold under the trade name Numhew which is owned by Yonghe Zheng, residing at Room 305, Building 8, Lanqi Street, Qinhuai District, Nanjing, China (Exhibit 3).

1

4.      On information and belief, John Doe is a Chinese manufacturer/distributor of the infringing brackets and the owner or a licensee of the trademark Numhew.

## II. JURISDICTION AND VENUE

5.      This is an action arising under the patent laws of the United States, 35 U.S.C. § 100 et seq.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has supplemental jurisdiction over the State Law claims pursuant to the provisions of 28 U.S.C. §1367.

7.      This Court has personal jurisdiction over Home Depot because of its 20 stores in the State of Connecticut and Home Depot has offered for sale, sold, and continue to sell infringing bracket for installing sink to consumers in this district.  The infringement chart of the product is attached as Exhibit 4.

8.      This Court also has personal jurisdiction over Zheng and Doe under Fed. R. Civ. P. Rule 4(k)(2) which essentially provides that under federal claims, serving a summons or filing a waiver of service could establish personal jurisdiction if the defendant was not subject to a state's general jurisdiction and exercising jurisdiction would be consistent with the US Constitution and laws.

9.      Venue is proper in this judicial district under 28 U.S.C. § 1400(b) for Home Depot and 28 U.S.C. § 1391(c)(3) for Zheng and Doe.

## III. BACKGROUND

10.      Defendants conduct business throughout the State of Connecticut and have offered to sell and, on information and belief, has sold and continues to sell infringing bracket for installing sink to consumers in this Judicial District.

11.      Plaintiff has not licensed or authorized any of the Defendants to use the '269 Patent, and none of the Defendants is an authorized retailer of genuine bracket for installing sink.

12.      Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the '269 Patent in connection with the advertisement, distribution, offering for sale, and sale of infringing products in this judicial district.

13.      Defendants' use of the '269 Patent in connection with the advertising, distribution, offering for sale, and sale of infringing products in the State of Connecticut, is likely to cause and has caused irreparable harms to Plaintiff.

14.      This Court has personal jurisdiction over Home Depot which has extensive physical presence in the State of Connecticut. This Court also has personal jurisdiction over Doe because a foreign infringer of a U.S. Patent can be sued in any judicial district of the United States.

15.      The Defendants offered for sale or sold brackets for installing sinks in the U.S. and in Connecticut, which infringed the '269 Patent.  Example of infringing bracket for installing sink from Defendants is directly compared with Plaintiff's claimed bracket for installing sink in the '269 Patent. (Exhibit 4).

**COUNT I.    INFRINGEMENT OF UNITED STATES UTILITY PATENT**
**(35 U.S.C. § 271)**

16.      Plaintiff repeats and incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint.

17.      Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products that infringe directly and/or indirectly the claims of the '269 Patent.

18.      Defendants have infringed the '269 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants infringement of the '269 Patent is willful.

19.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

20.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

### COUNT II.    <u>VIOLATION OF THE UNFAIR TRADE PRACTICE ACT</u>

21.     Plaintiff repeats and incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint.

22.     Defendants' wrongful acts of infringing the '269 Patent are deemed unfair and deceptive under the Connecticut Supreme Court's three-pronged "Cigarette Rule." *Conaway v. Prestia*, 191 Conn. 484, 464 A.2d 847 (1983).

23.     First of all, Defendants' wrongful acts offend public policy as established by statute, common law, or at least within the area of some common law, statutory, or other established concept of unfairness.

24.     Second, Defendants' wrongful acts are immoral, unethical, oppressive, or unscrupulous.

25.     Third, Defendants' wrongful acts caused substantial injury to the Plaintiff, not be outweighed by any countervailing benefits to the Plaintiff or competition and not something the Plaintiff could have reasonably avoided.

4

26.     The Plaintiff has satisfied all three prongs of the Cigarette Rule, even though "All three prongs of the cigarette rule do not need to be met for there to be a violation. There may be a violation because of the degree to which it meets one criteria" (*Willow Springs Condominium Ass'n Inc. v. Seventh BRT*, *Dev. Corp.* 245 Conn. 1, 717 A.2d 77 (1998)).

27.     Therefore, Defendants' acts also violated Connecticut General Statute §42-110b.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1)     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily preliminarily, and permanently enjoined and restrained from: (a) using the '269 Patent or any reproductions, infringing copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products that are not genuine bracket for installing sink or are not authorized by Plaintiff; (b) committing any acts calculated to cause consumers to believe that Defendants' infringing bracket for installing sink are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and (c) further infringing the '269 Patent and damaging Plaintiff's patent rights and goodwill;

2)     Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, shall: (a) disable and cease providing services for any accounts through which Defendants engage in the sale of bracket for installing sink which infringes the '269 Patent; (b) disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of bracket for installing sink which infringes the '269 Patent; and (c) take all steps necessary to prevent links to Defendants from displaying in search results, including, but not limited to, removing links to the Defendants' domain names from any search index.

3)      That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the '269 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

4)      Money judgement for actual damages and punitive damages against Defendant Lebel and Defendant Fazzone, jointly and severally, with the legal fees and costs of this action, and any other remedies the Court deemed necessary under Connecticut General Statute §42-110g.

5)      In the alternative, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the '269 Patent pursuant to 35 U.S.C. § 289;

6)      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7)      Award any and all other relief that this Court deems just and proper.

Dated: December 15, 2025                    Respectfully submitted,


By: /s/Anthony Handal
Anthony H. Handal

HANDAL & MOROFSKY LLC

83 East Avenue

Norwalk, CT 06851

(917) 880-0811

handal@handalglobal.com


*Attorney for Plaintiff*